FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUL 26 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES L. MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>DR. AMIR KASHANI, et al.,<br><br>    Defendants. | Case No. CV 12-5649 CAS (AN)<br><br>ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED AND PLAINTIFF BE DECLARED A VEXATIOUS LITIGANT |

**I. Background**

On July 11, 2012, James L. Miller ("Plaintiff"), who is not a prisoner and is proceeding in pro se after paying the filing fee, commenced this action by filing his pending civil rights complaint pursuant to 42 U.S.C. § 1983 ("§ 1983"). The complaint seeks damages against five defendants (a local hospital and four of its medical employees) for medical malpractice allegedly committed on July 28 and 29, 2007. In addition to being plainly time-barred, the Court takes judicial notice of its own records that show the medical malpractice claims in the pending complaint are identical to those Plaintiff raised against two of the five defendants (Dr. Kashani and the local hospital) in proposed complaints that Plaintiff lodged with this Court in eight prior actions he commenced where he requested, and was denied, leave to proceed in forma pauperis ("IFP Requests"). *See*

CV 08-4945; CV 08-6031; CV 08-7396; CV 09-3897; CV 11-9198; CV 12-1660; CV 12-3137; and CV 12-3601. With one exception (CV 12-3137, where the IFP Request was denied based upon Plaintiff's failure to show he was indigent), Plaintiff's IFP Requests in the seven other cases were denied because the Court found, in whole or in part, the medical malpractice claims were legally and/or factually frivolous or, alternatively, that the Court lacked jurisdiction over the medical malpractice claims, or because the non-conclusory allegations failed to show any of the defendants were acting under color of state law. In the pending complaint, Plaintiff also alleges that, on June 25, 2009, he filed a medical malpractice action against Dr. Kashani and the local hospital in the California Superior Court for Los Angeles County (case no. BC416582). (Complt. at 20.) However, the superior court sustained the defendants' demurrer and the California Court of Appeal (case no. B224254) subsequently affirmed the superior court's judgment in favor of the defendants. (Complt. at 21.)

The Court also observes that it has previously denied an IFP Request that Plaintiff filed with this Court in yet another § 1983 action where the Court found claims in the proposed complaint brought against the Hawthorne Police Department and others were legally and/or factually frivolous. (*See* CV 09-4069; order denying IFP Request.)

## II. Discussion

### A. § 1983 Claims

"Federal courts are always under an independent obligation to examine their own jurisdiction, . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam; citations and quotations omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") It is well-settled that "a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action[.]" *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice

and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (citation omitted). Here, the Court's subject-matter jurisdiction is wholly based upon Plaintiff's § 1983 claims. Consequently, if Plaintiff's complaint fails to state plausible § 1983 claims, this Court would lack federal question jurisdiction.

A plaintiff asserting a claim under § 1983 must allege facts that show: (1) a right secured by the Constitution or federal laws was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48-49, 108 S. Ct. 2250 (1988); *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989), *cert. denied*, 493 U.S. 1056, 110 S. Ct. 865, 107 L. Ed. 2d 949 (1990).

**B.     The Court lacks jurisdiction over the complaint.**

Plaintiff's pending complaint, like his prior complaints for medical malpractice against Dr. Kashani and the local hospital, is devoid of any non-conclusory allegations that plausibly establish any of the defendants were acting under color of state law. Consequently, the Court lacks federal question jurisdiction over the complaint because the medical malpractice claims are state claims, not federal claims. The complaint also fails to allege any facts that show the Court would have diversity jurisdiction over the claims.

Even assuming, without finding, the Court had jurisdiction to consider the medical malpractice claims against the defendants, the medical malpractice claims against all of the defendants are plainly time-barred, therefore, the complaint is subject to dismissal as frivolous and/or for failing to state a claim upon which relief may be granted.

Specifically, in § 1983 actions, federal courts apply the forum state's statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); *Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir. 2004). Effective January 1, 2003, the California statute of limitations for assault, battery, and other personal injury actions was extended to two years. Cal. Civ. Proc. Code § 335.1 ("§ 335.1"); *Maldonado v. Harris,* 370 F.3d 945, 954-55 (9th Cir. 2004); *Jones*, 393 F.3d at

927. California also has equitable tolling principles that may apply where, for example, a plaintiff was prevented from filing his complaint in a timely fashion and, despite showing a good-faith effort to pursue a claim in a timely manner, the plaintiff was prevented from doing so because, for example, the plaintiff was criminally or civilly confined during the time the limitations period was running. *See, id.* at 930 (holding "California's equitable tolling doctrine operates to toll a statute of limitations for a claim asserted by a continuously confined civil detainee who has pursued his claim in good faith.").

Although federal courts apply a forum state's limitations period for personal injury actions to §1983 actions, federal law determines when a § 1983 claim accrues. *Id.* at 955. "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* For accrual of a claim to be found, "it is critical that the plaintiff know that he has been hurt and who inflicted the injury." *Nasim v. Warden, Md. House of Correction,* 64 F.3d 951, 955 (4th Cir.1995) (citing *United States v. Kubrick,* 444 U.S. 111, 122-24 (1979)). Once the plaintiff has this knowledge, the plaintiff is on inquiry notice to determine the details of his claims that are readily discoverable. *Id.* (citing *Kubrick,* 444 U.S. at 123). In determining when a claim accrues, the focus is on the time of the illegal act, "not the point at which the consequences of the act become painful." *Chardon v. Fernandez,* 454 U.S. 6, 8 (1981) (wrongful termination claim accrued when defendants notified plaintiff that she would be terminated, not when her position actually terminated); *see also Pisciotta v. Teledyne Indus.,* 91 F.3d 1326, 1332 (9th Cir.1996) (holding a claim accrued upon the freezing of appellants' ERISA reimbursement amounts and that there was not a continuing violation each and every time the appellants were entitled to a reimbursement payment).

Applying the foregoing principles to this case, the Court finds Plaintiff's medical malpractice claims are clearly time-barred. Plaintiff's allegations establish the alleged malpractice was committed on July 28, 2007. Plaintiff is claiming, on that date, he went to the local hospital's emergency room for injuries he sustained to his head and left eye. He claims that, instead of treating his injured left eye, Dr. Kashani examined and dilated

1 his right eye with a drug that permanently affected the vision in his right eye. Plaintiff
2 expressly alleges that, during the time Dr. Kashani was examining Plaintiff's uninjured
3 right eye, he repeatedly "warned" and asked Dr. Kashani to "stop" treating his right eye
4 and examine his injured left eye. (Complt. at 9.) Plaintiff further alleges that the next day,
5 July 29, 2007, he returned to the local hospital's emergency room because, the day before,
6 an examining surgeon concluded Plaintiff needed immediate surgery, however, Plaintiff
7 alleges the surgery never occurred. (*Id.* at 9-11.) Under the circumstances, the Court finds
8 Plaintiff's allegations undeniably establish Plaintiff knew or should have known about the
9 basis for his malpractice claims as of July 29, 2007. Accordingly, absent any basis for
10 tolling, the two-year limitations period commenced the next day, July 30, 2007, and ran
11 continuously until it expired on July 30, 2009, absent any basis for tolling.

12     In this regard, the Court also finds Plaintiff's allegations fails to establish he is
13 entitled to any statutory tolling or equitable tolling. To the contrary, Plaintiff's own federal
14 and state court filings clearly establish he had access to the courts to pursue his claims
15 throughout the time the limitations period was running.

16 **C. Plaintiff's filings establish he is a vexatious litigant.**

17     The Supreme Court has stated, "[e]very paper filed with the Clerk of this Court, no
18 matter how repetitious or frivolous, requires some portion of the institution's limited
19 resources. A part of the Court's responsibility is to see that these resources are allocated
20 in a way that promotes the interests of justice." *Day v. Day,* 510 U.S. 1, 2, 114 S. Ct. 4, 5,
21 126 L. Ed. 2d 1 (1993), citing *In re McDonald,* 489 U.S. 180, 184, 109 S. Ct. 993, 996, 103
22 L. Ed. 2d 158 (1989) (*per curiam*). "The goal of fairly dispensing justice . . . is
23 compromised when the Court is forced to devote its limited resources to the processing of
24 repetitious and frivolous requests." *Whitaker v. Superior Court of San Francisco,* 514 U.S.
25 208, 210, 115 S. Ct. 1446, 1447, 131 L. Ed. 2d 324 (1995), citing *In re Whitaker,* 513 U.S.
26 1, 2, 115 S. Ct. 2, 3, 130 L. Ed.2d 1 (1994).

27     Plaintiff has now commenced at least nine actions raising the same malpractice
28 claims against the same or similar defendants that have previously determined to be

frivolous or failed to state a claim, and that he has also previously filed an IFP Request in an unrelated tenth action where the Court denied his IFP Request because the claims in the proposed complaint were legally and/or factually frivolous. Plaintiff's repetitious filing of frivolous or defective complaints has abused and misused the Court's limited resources, compromised the goal of fairly dispensing justice, and his actions demonstrate Plaintiff is likely to continue abusing the judicial process unless protective measures are taken.

Accordingly, Plaintiff is hereby ordered to show cause why the Magistrate Judge should not report and recommend that his complaint be dismissed for lack of jurisdiction, and why he should not be declared a vexatious litigant and barred from filing any future civil rights complaints without the approval of a Judge of this Court. Plaintiff is ordered to comply with this OSC by: (1) filing a written response to this OSC no later than **noontime, August 2, 2012**, and (2) appearing in person before the Court at 10:00 a.m. sharp, **August 9, 2012**, in Courtroom 6B of this Court located at 411 W. 4th St., Santa Ana, California, 92701. Plaintiff is notified and warned that his failure to comply with any aspect of this OSC will result in his complaint being dismissed, and that he will be declared a vexatious litigant. No further notice will be given.

DATED: July 26, 2012

_____
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE

Page 6